## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 95-08021-CR-LENARD

**UNITED STATES OF AMERICA,**

**v.**

**THOMAS RANDOLF GLOVER,**

Defendant.

_____/

## ORDER DENYING MOTION FOR REDUCTION OF SENTENCE PURSUANT TO SECTION 404 OF THE FIRST STEP ACT (D.E. 399, 404)

**THIS CAUSE** is before the Court on Defendant Thomas Randolf Glover's pro se Motion to Reduce Sentence Pursuant to Section 404 of the First Step Act, ("Motion," D.E. 399), filed January 3, 2019. On January 18, 2019, the Government filed a Response opposing the Motion. ("First Response," D.E. 400.) On February 26, 2019, the Court appointed the Federal Public Defender to represent Defendant in these proceedings. (D.E. 401.) On March 12, 2019, Defendant, through appointed counsel, filed a Memorandum in support of his Motion. ("Memorandum," D.E. 404.) The Government filed a Response to the Memorandum on March 18, 2019, ("Second Response," D.E. 405), to which Defendant filed a Reply, on March 19, 2019, ("Reply," D.E. 406). Upon review of the Motion, Memorandum, Responses, Reply, and the record, the Court finds as follows.

## I.    Background

On March 2, 1995, Defendant was charged by Indictment with conspiracy to distribute a detectable amount of cocaine base—or "crack" cocaine—in violation of 21

U.S.C. § 846 (Count 1), possession with intent to distribute a detectable amount of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 2 (Count 2), and distribution of a detectable amount of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 2 (Count 3). (D.E. 10.)   The case was originally assigned to United States District Judge William J. Zloch.   (See id.)

On April 10, 1995, the Government filed and served upon Defendant an Information pursuant to 21 U.S.C. § 851 stating that it intended to seek an enhanced statutory penalty under Section 841 based upon a prior state court conviction for selling cocaine. ("Information," D.E. 37.)   The Information—which is titled "INFORMATION CHARGING PRIOR CONVICTION PURSUANT TO TITLE 21, UNITED STATES CODE, SECTION 851"—states in its entirety:

> The United States Attorney for the Southern District of Florida charges that defendant THOMAS GLOVER, indicted in the instant case with drug offenses arising under Title 21, United States Code, Sections 841(a)(1) and 846, has previously been convicted of the following felony drug offense:
>
> > On or about November 20, 1991, in the Circuit Court, Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, defendant THOMAS GLOVER was duly convicted of Sale of Cocaine, a felony, in violation of Florida Statute 893.13.
>
> > A copy of the Judgment in such action is attached hereto. Furthermore, notice is hereby provided that the United States will rely upon the aforementioned prior felony drug offense convictions to seek an increased punishment for defendant as set forth in Title 21, United States Code, §841(a)(1).

(Id.)   The Government attached to the Information a copy of the state court's Judgment, which is dated November 20, **1992**.   (Id. at 3-5.)   The Information's Certificate of Service indicates that Assistant U.S. Attorney John C. McMillan, Jr. mailed "a true and correct

copy" of the Information to both defense attorneys on April 6, 1995. (Id. at 2.)  Defendant never filed a response to the Information.

On April 20, 1995, the Grand Jury returned a Superseding Indictment charging Defendant with the same three counts contained in the original Indictment, and additionally charging Defendant with manufacturing crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (2) (Count 4). (Superseding Indictment, D.E. 44.)

On March 4, 1996, the case was reassigned to the undersigned judge.  (D.E. 156.) On February 13, 1997, trial began.  (See D.E. 238.)  On February 20, 1997, a jury found Defendant guilty of Counts 1, 2, and 3, and acquitted him of Count 4.  (Jury Verdict, D.E. 243).

Prior to sentencing, the United States Probation Office prepared a revised Presentence Investigation Report ("PSR")[1] finding that Defendant's offenses of conviction involved 87.98 grams of cocaine base.  (PSR ¶ 10.)  Based upon the 87.98 grams of cocaine base involved in the offenses, and the 251 grams of cocaine hydrochloride found on his co-defendant which was included in Defendant's relevant conduct, Defendant had a base offense level of 32 under United States Sentencing Guideline ("U.S.S.G.") § 2D1.1.[2]  (Id.

---

[1]    The original PSR was disclosed on March 28, 1997.  (See PSR at 2.)  A revised PSR was issued on April 24, 1997.  (Id.).  Defendant's sentencing hearing occurred on May 2, 1997, and the final PSR was issued on May 9, 1997.

[2]    In his Objections to the revised PSR, Defendant argued that the cocaine hydrochloride found on his co-defendant should not be included in his offense level computation, but acknowledged that its inclusion "does not affect the Level 32 determination" under Section 2D1.1.  (Obj., D.E. 259 at 2.)  At the sentencing hearing, defense counsel again acknowledged that including the cocaine hydrochloride in the offense level computation "really doesn't affect the level determination bottom line," but argued that it should be excluded.  (Sentencing Hr'g Tr. at 5:9-12.)  The Government agreed that including the cocaine hydrochloride "won't make a

¶¶ 16-17.)   Additionally, based on the application of the Section 851 enhancement, the revised PSR found that Defendant's convictions each carried a statutory penalty of 20 years to life imprisonment under 21 U.S.C. § 841(b)(1)(A).  (Id. ¶ 59.)  The revised PSR further found that Defendant met the criteria for "career offender" status under U.S.S.G. § 4B1.1:

> In addition to being older than 18 years at the time of the instant offense and the instant offense of conviction being a controlled substance felony offense, the defendant also has the required two prior felony convictions as reflected in the Criminal History Section of this report to deem him a career criminal. Since the Offense Statutory Maximum for the offense of conviction is life imprisonment, the offense level is 37 as required pursuant to § 4B1.1.

(Id. ¶ 23.)  Finally, the revised PSR found that because Defendant is a Career Offender, his criminal history category was VI.  (Id. ¶ 35.)  Based on a total offense level of 37 and a criminal history category of VI, Defendant's guideline imprisonment range was 360 months to life imprisonment.  (Id. ¶ 60.)

Defendant filed written Objections to the revised PSR, asserting only two legal objections.  (Obj., D.E. 259 at 1-2.)  Defendant did not object to the 87.98-gram quantity of crack cocaine the revised PSR attributed to him; in fact, he acknowledged that he was responsible for 87.98 grams of crack cocaine for sentencing purposes under Section 841. (See id. at 6-7.)

At the sentencing hearing, the Court asked Defendant (1) whether he had read the revised PSR and (2) whether he and his attorney had discussed the revised PSR.

---

difference in the guidelines sentence that is applicable[,]" but argued that it should be considered as relevant conduct.  (Id. at 6:24 -7:2.)  The Court found that "the possession of the codefendant of the cocaine hydrochloride is properly considered as relevant conduct for this defendant in the computation of the amount of drugs.  And I don't think it will really change the amount.  I agree with both counsel's assessment of that."  (Id. at 7:9-14.)

(Sentencing Hr'g Tr., D.E. 296 at 2:17-22.)  Defendant answered "yes" to both questions. (Id.)  Defense counsel then raised three objections—the two legal objections contained in his written Objections to the revised PSR, and one additional factual objection not raised in the written Objections: "There is one factual objection, your Honor, that the defendant brought to my attention just this week. . . .  It has to do with one of the convictions which he maintains is not his."  (Id. at 3:2-6.)  Defense counsel explained: "I had contacted Mr. Glover and asked him to notify me if something was wrong with the convictions."  (Id. at 3:11-12.)  Defendant then asserted that the revised PSR improperly included a prior conviction for robbery and battery in his criminal history and as one of three convictions used to determine his Career Offender status: "Mr. Glover tells me . . . he doesn't know anything about this particular offense and this is not his."  (Id. at 3:16-19.)  However, defense counsel acknowledged that Defendant had a prior conviction for a violent offense, and a 1992 conviction for sale of cocaine.  (Id. at 17:4-9.)

After hearing from both parties and the probation officer, the Court excluded the prior robbery and battery conviction from the Career Offender computation and struck it from the revised PSR, finding that it ultimately made no difference because Defendant still qualified as a Career Offender based on prior convictions for (1) aggravated battery on June 22, 1984, and (2) sale of cocaine on November 20, 1992, as set forth in the revised PSR.  (Id. at 11:17 – 14:6; PSR ¶¶ 27, 34.)

> THE COURT:        . . . He would still classify as a career offender based on the sale of cocaine conviction paragraph 35 in 92 and the aggravated battery conviction in 1984, with an '83 arrest date.
>
> PROBATION OFFICER:  Correct, your Honor.

Crime of violence and controlled substance offense.

MS. MARTIN [DEFENSE COUNSEL]: I would agree with what the Court just said, your Honor

(Id. at 11:24 – 12:6.)  Later during the sentencing hearing, defense counsel acknowledged that Defendant was subject to an enhanced statutory penalty of 20 years to life imprisonment under 21 U.S.C. §§ 841(b)(1)(A) and 851 because he was accountable for more than 50 grams of crack cocaine, and his criminal history included the sale of cocaine conviction from 1992.  (Id. at 18:14-19.)

Ultimately the Court adopted the factual findings and guideline applications as stated in the revised PSR (as modified at the sentencing hearing to exclude the robbery and battery conviction), (id. at 14:8-11), and found that Defendant qualified as a Career Offender, (id. at 23:9-14).  The Court found that under Section 4B1.1, based on a statutory maximum of life imprisonment, Defendant's offense level was 37 with a Criminal History Category VI, resulting in a guideline range of 360 months to life, (id. at 14:14-19).  The Court then sentenced Defendant to 360 months' imprisonment and 10 years of supervised release on each Count, to be served concurrently.  (Id. at 24:20-24; see also Judgment, D.E. 265.)

Movant appealed, arguing solely that the Court erred by failing to instruct the jury on the defense of entrapment.  (See Mandate, D.E. 320.)  On July 3, 1998, the Eleventh Circuit Court of Appeals affirmed the Court's Judgment.  (Id.)  Over the course of the next six years, Defendant filed three motions under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence,  (D.E. 326, 328, 335), each of which were dismissed, (D.E. 327, 329,

337).[3]  Defendant later filed two motions for reduction of sentence under 18 U.S.C. § 3582(c)(2), (D.E. 354, 389), each of which were denied, (D.E. 368, 393).  The Eleventh Circuit Court of Appeals affirmed the Court's denial of Defendant's first 3582(c)(2) Motion, (D.E. 384); Defendant did not appeal the Court's denial of his second 3582(c)(2) motion.

On March 12, 2019, Defendant filed the instant Motion seeking a reduced sentence pursuant to Section 404 of the First Step Act of 2018.

---

[3]       In his First 2255 Motion, Defendant argued, inter alia, that the Indictment was defective because it failed to allege the quantity of drugs involved in the offense, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Glover v. United States, Case No. 02-80016-Civ-Lenard/Sorrentino, D.E. 1 (Jan. 9, 2002).  The magistrate judge issued a Report recommending that the Court dismiss the First 2255 Motion as time-barred and further noted that "Apprendi is inapplicable to cases on collateral review."  Id., D.E. 3 (Jan. 17, 2002) (citing McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001)).  On February 8, 2002, the Court adopted the Report and dismissed the First 2255 Motion.  Id., D.E.  4 (Feb. 11, 2002).  More than ten years later, on July 27, 2012, Defendant appealed the Court's Order.  Id., D.E. 10 (July 27, 2012).  The Eleventh Circuit dismissed the appeal for lack of jurisdiction, finding that the Notice of Appeal was untimely.  Id., D.E. 17 (Oct. 24, 2012).  The Eleventh Circuit subsequently denied Defendant's motion for reconsideration.  Id., D.E. 18 (Jan. 25, 2013).

In his Second 2255 Motion, Defendant again raised the Apprendi issue.  Glover v. United States, Case No. 02-80842-Civ-Lenard/Sorrentino, D.E. 1 (Sept. 10, 2002).  The magistrate judge issued a Report recommending that the Court dismiss the Second 2255 Motion as an unauthorized second or successive 2255 motion and as time-barred.  Id., D.E. 3 (Sept. 16, 2002).  On October 8, 2002, the Court adopted the Report and dismissed the Second 2255 Motion.  Id., D.E. 4 (Oct. 8, 2002). Defendant appealed the Court's Order, id., D.E. 5 (Nov. 8, 2002), and on March 27, 2003, the Eleventh Circuit dismissed the appeal, finding that Defendant failed to make a substantial showing of the denial of a constitutional right.  Id., D.E. 9 (Mar. 27, 2003).

In his Third 2255 Motion, Defendant did not raise any specific issues.  Glover v. United States, Case No. 04-80164-Civ-Lenard/White, D.E. 1 (Feb. 24, 2004).  The magistrate judge issued a Report recommending that the Court dismiss the Third 2255 Motion as an unauthorized second or successive 2255 motion and as time-barred.  Id., D.E. 3 (Mar. 5, 2004).  On March 24, 2004, the Court adopted the Report and dismissed the Third 2255 Motion.  Id., D.E. 4 (Mar. 24, 2004). Defendant appealed the Court's Order, id., D.E. 7 (Nov. 22, 2004), and on January 3, 2005, the Eleventh Circuit dismissed the appeal for lack of jurisdiction, finding that the Notice of Appeal was untimely.  Id., D.E. 14 (Jan. 3, 2007).

## II.    Applicable Law

Under Section 404(b) of the First Step Act of 2018, the Court may "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  Pub. L. No. 115-391, 132 Stat. 5194. Under Section 404(a), a "'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." Id.[4]

Section 2 of the Fair Sentencing Act modified the statutory penalties under 21 U.S.C. §§ 841(b)(1)(A) & (B).  Specifically, prior to the Fair Sentencing Act—and at the time of Defendant's sentencing—Section 841(b)(1)(A) provided, in relevant part, that any person who violates Section 841(a) in a case involving 50 grams or more of cocaine base:

> shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life. . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment . . . . [A]ny sentence under this subparagraph shall . . . if there was such a prior conviction, impose a term of supervised release of at least 10 years in addition to such term of imprisonment.

---

[4]    Under Section 404(c), "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." Pub. L. No. 115-391; 132 Stat. 5194.  The Court has not previously imposed or reduced Defendant's sentence pursuant to the amendments contained in Sections 2 and 3 of the Fair Sentencing Act, and Defendant has not previously made a motion to reduce his sentence under the First Step Act.

21 U.S.C. § 841(b)(1)(A)(iii) (1997) (emphasis added).  The Fair Sentencing Act increased the threshold amount of cocaine base to trigger the 10-year mandatory minimum sentence in Section 841(b)(1)(A)(iii) from 50 grams to 280 grams.  See United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010), abrogated on other grounds by Dorsey v. United States, 567 U.S. 260, 280-81 (2012).

Similarly, prior to the Fair Sentencing Act—and at the time of Defendant's sentencing—Section 841(b)(1)(B) provided, in relevant part, that any person who violates Section 841(a) in a case involving 5 grams or more of cocaine base:

> shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years . . . . If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment . . . . [A]ny sentence imposed under this subparagraph shall . . . if there was such a prior conviction, include a term of supervised release of at least 8 years in addition to such term of imprisonment.

21 U.S.C. § 841(b)(1)(B)(iii) (1997) (emphasis added).  The Fair Sentencing Act increased the threshold amount of cocaine base to trigger the 5-year mandatory minimum sentence in Section 841(b)(1)(B)(iii) from 5 grams to 28 grams.  See Gomes, 621 F.3d at 1346. Notwithstanding the changes to the mandatory minimums, with a prior conviction for a felony drug offense that has become final, the statutory maximum for both Sections 841(b)(1)(A) and (B) remained at life imprisonment.

The procedural requirements for invoking the enhanced penalties in Sections 841(b)(1)(A) and (B)—underlined in the block quotations above—are set forth in 21 U.S.C. § 851, which provides, in relevant part:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. . . . Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

21 U.S.C. § 851(a)(1).

> If the United States attorney files an information under this section, the court shall after conviction but before pronouncement of sentence inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

21 U.S.C. § 851(b).

> If the person files no response to the information, or if the court determines, after hearing, that the person is subject to increased punishment by reason of prior convictions, the court shall proceed to impose sentence upon him as provided by this part.

21 U.S.C. § 851(d)(1).

## III.   Arguments

Defendant argues that his convictions are "covered offenses" under the First Step Act. (Memo. at 6.) He argues that he is entitled to a full resentencing hearing during which the Court must apply "current, applicable law," (Memo. at 9), or "the law in effect at least when the Fair Sentencing Act was enacted, which includes" Apprendi v. New Jersey, 530 U.S. 466 (2000), (Reply at 6). In this regard, he asserts that because the Superseding Indictment only charges him with a "detectable amount" of crack cocaine he should be resentenced under 21 U.S.C. § 841(b)(1)(C). (Memo. at 9.) He argues that under Section

841(b)(1)(C) his maximum statutory penalty with the Section 851 enhancement is 30 years' imprisonment; under U.S.S.G. § 4B1.1, a 30-year maximum corresponds to an offense level of 34; based on a total offense level of 34 and a Criminal History Category VI, his new guidelines range is 262 to 327 months' imprisonment; and because Defendant has been in custody since February 17, 1995, a sentence at the low end of this range would make him eligible for immediate release.  (Id.)

The Government argues that retroactive application of the Fair Sentencing Act of 2010 has no impact on Defendant's sentence.  (First Resp. at 3.)  It argues that because Defendant did not object to the 87.98-gram quantity of crack cocaine attributed to the offenses, he would now be sentenced under Section 841(b)(1)(B); applying the Section 851 enhancement, Defendant's statutory range of imprisonment under Section 841(b)(1)(B) is 10 years to life imprisonment; because the statutory maximum would remain at life imprisonment under retroactive application of the Fair Sentencing Act, there would be no change to his offense level under the Career Offender guideline, U.S.S.G. § 4B1.1, and his guideline range would remain 360 months to life imprisonment.  (Id.; see also Second Resp. at 1-3.)  The Government further argues that the Court lacks jurisdiction to sentence Defendant under Section 841(b)(1)(C).  (Second Resp. at 3-4.)  Finally, it argues that Apprendi does not apply to these proceedings, (id. at 4-5), and even if it could apply in this case, the Court should exercise its discretion under the First Step Act to deny Defendant's Motion to Reduce Sentence, (id. at 5-6).

## IV.    Discussion

"No one, not criminal defendants, not the judicial system, not society as a whole is benefited by a judgment providing a man shall tentatively go to jail today, but tomorrow and every day thereafter his continued incarceration shall be subject to fresh litigation on issues already resolved."  Mackey v. United States, 401 U.S. 667, 691 (1971), 91 S. Ct. 1171, 1179 (1971) (Harlan, J., concurring in judgments in part and dissenting in part). "'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment" and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(b)[5]); see also United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003) ("Congress has allowed for limited exceptions to the rule of finality . . . .").  Specifically, a federal "court may not modify a term of imprisonment once it has been imposed except" in the three circumstances defined by Congress in 18 U.S.C. § 3582(c).[6]  See United States v. Maiello, 805 F.3d 992,

---

[5]        Section 3582(b) provides: "Notwithstanding the fact that a sentence to imprisonment can subsequently be--(1) modified pursuant to the provisions of subsection (c); (2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or (3) appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742; a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.

[6]        The three circumstances in which a court may modify a sentence of imprisonment are:

> (1) where the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements, see 18 U.S.C. § 3582(c)(1)(A); (2) where another statute or Federal Rule of Criminal Procedure 35 expressly permits a sentence modification, see id. § 3582(c)(1)(B); or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently

999 (11th Cir. 2015) ("[A] court may only modify a sentence (once it is final) when limited exceptions apply.  18 U.S.C. § 3582(c).  That is, courts only have the authority to reduce a sentence which is part of a final judgment because Congress placed that authority in the hands of the judiciary in the first place."); United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute.").

Relevant here, Section 3582(c)(1)(B) authorizes a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . . ."  (Emphasis added.)   In this regard, Section 404(b) of the First Step Act of 2018 expressly permits the Court to "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  Pub. L. No. 115-391, 132 Stat. 5194.

Here, the Court finds that Defendant's convictions for Counts 1, 2, and 3 are "covered offenses" for purposes of the First Step Act because: (1) each offense was committed on February 17, 1995, (see Superseding Indictment, D.E. 44 at 1-2), which is prior to August 3, 2010; and (2) the statutory penalty for each conviction is contained in 21 U.S.C. § 841(b)(1)(A), which was modified by Section 2 of the Fair Sentencing Act of 2010.  Pub. L. No. 111-220, 124 Stat. 2372.

---

lowered by the Commission and certain other requirements are met, see id. § 3582(c)(2)."

United States v. Phillips, 597 F.3d at 1195.

Defendant argues that because his convictions are "covered offenses," he is entitled to a full resentencing hearing during which the Court must apply <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).[7]  (<u>Id.</u> at 8-10; Reply at 6.)  He argues that because the Superseding Indictment only charges him with a "detectable amount" of crack cocaine—rather than a definite amount sufficient to trigger the statutory minimums in Section 841(b)(1)(A) or (B)—he should be resentenced under Section 841(b)(1)(C).  (Memo. at 9.)

The Court first finds that Defendant is not entitled to the application of the rule announced in <u>Apprendi</u> because the Court lacks jurisdiction to consider a constitutional challenge to a sentence in a Section 3582(c) proceeding.  <u>United States v. Bravo</u>, 203 F.3d 778, 782 (11th Cir. 2000); <u>United States v. Cole</u>, 417 F. App'x 922, 923 (11th Cir. 2011). In <u>Bravo</u>, the defendant moved for a reduction of sentence under Section 3582(c)(2) based upon modifications to the Sentencing Guidelines.  203 F.3d at 779.  The defendant also raised an Eighth Amendment claim which the district court declined to consider.  <u>Id.</u> at

---

[7]　　At the time of Defendant's conviction, the controlling law clearly held "that the weight or quantity of a controlled substance is not an element of the offense that must be included in a § 841(a)(1) indictment." <u>United States v. Perez</u>, 960 F.2d 1569, 1574 (11th Cir. 1992) (citing <u>United States v. Williams</u>, 876 F.2d 1521, 1524-25 (11th Cir. 1989)).  "Because the quantity of controlled substance triggering the enhanced penalties provided in § 841(b) is relevant only at sentencing, there is no reason that the quantity involved must necessarily appear in the indictment if the defendant is otherwise on adequate notice that enhanced penalties are available." <u>Id.</u>  The law changed with <u>Apprendi</u>, in which the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490. The <u>Apprendi</u> Court endorsed the rule set forth in the concurring opinions in <u>Jones v. United States</u>, 526 U.S. 227, 252-53 (1999) that "'[i]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt.'" <u>Id.</u> (quoting <u>Jones</u>, 526 U.S. at 252-53 (Stevens, J., concurring), and citing <u>id.</u> at 253 (Scalia, J., concurring)).

782. The Eleventh Circuit held that the district court properly declined to consider the Eighth Amendment claim because "Section 3582(c), under which this sentencing hearing was held, does not grant to the court jurisdiction to consider extraneous resentencing issues such as this one." Id. Instead, extraneous constitutional claims must be asserted under 28 U.S.C. § 2255. Id.

Similarly, in Cole, the defendant moved for a sentence reduction pursuant to Section 3582(c)(2) based upon modifications to the Sentencing Guidelines applicable to crack cocaine offenses under 21 U.S.C. § 841(b)(1)(A). 417 F. App'x at 922. The district court denied the motion and the defendant appealed. Id. On appeal, the defendant argued (for the first time) that the statutory minimum penalty contained in Section 841(b)(1)(A) violated Due Process and Equal Protection. Id. at 923. The Eleventh Circuit rejected the argument, stating:

> A § 3582(c) motion for a reduction in sentence is not the proper vehicle to raise a constitutional challenge to a sentence. United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000). In a § 3582(c) proceeding, "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." Id. In fact, a defendant is not entitled to a full resentencing during a § 3582(c) proceeding, and any sentencing reduction arising from a § 3582(c) motion must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(3). Thus, constitutional challenges are "extraneous" sentencing issues, and if Cole wishes to challenge the constitutionality of his sentence, the proper method is in collateral attack under 28 U.S.C. § 2255. Bravo, 203 F.3d at 781–82.

> Moreover, had Cole raised his argument before the district court, the court would have lacked jurisdiction to consider it. See id. at 782 (explaining that an Eighth Amendment challenge to the defendant's sentence, raised in a § 3582(c) motion, was an "extraneous" resentencing issue outside the district court's jurisdiction).

15

Id. (emphasis added).  The Defendant, here, has not established why a different rule permitting defendants to raise extraneous constitutional issues would apply in proceedings under Section 3582(c)(1)(B),[8] which limits the modification of an imposed term of imprisonment to "the extent otherwise expressly permitted by statute . . . ."  Section 404(b) of the First Step Act of 2018 expressly permits the Court to "impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  Pub. L. No. 115-391, 132 Stat. 5194.  Section 2 of the Fair Sentencing Act expressly increased the amount of crack cocaine necessary to invoke the mandatory minimum sentences and the statutory maximum sentences under Section 841(b); Section 3 eliminated the mandatory minimum sentence for simple possession of crack cocaine.  Pub. L. No. 111–220; 124 Stat. 2372.  Nothing in Section 404(b) of the

---

[8]      In fact, applying Apprendi in Section 3582(c)(1)(B) proceedings but not applying it in Section 3582(c)(2) proceedings may violate the Equal Protection Clause.

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." The Clause announces a fundamental principle: the State must govern impartially. General rules that apply evenhandedly to all persons within the jurisdiction unquestionably comply with this principle. Only when a governmental unit adopts a rule that has a special impact on less than all the persons subject to its jurisdiction does the question whether this principle is violated arise.

N.Y. City Transit Auth. v. Beazer, 440 U.S. 568, 587-88 (1979) (emphasis added).  Because there is no rational basis for distinguishing between prisoners seeking sentence reductions "permitted by statute[,]" 18 U.S.C. § 3582(c)(1)(B), and prisoners seeking sentence reductions based on changes to the Sentencing Guidelines, 18 U.S.C. § 3582(c)(2), applying Apprendi retroactively to one set of prisoners but not the other would appear to violate equal protection.  See Rublee v. Fleming, 160 F.3d 213, 217 (5th Cir. 1998) (holding that an equal protection challenge to the Bureau of Prisons' classification of prisoners is subject to rational basis review because the classification "implicated neither a fundamental right nor a suspect class").  However, because the Parties have not raised or briefed this issue, and because it is immaterial to the Court's disposition, the Court does not purport to make any findings on this issue.

First Step Act or Sections 2 or 3 of the Fair Sentencing Act permit a defendant to raise extraneous constitutional issues.

Indeed, although the Eleventh Circuit has apparently not ruled on the application of Apprendi under Section 3582(c)(1)(B), it has squarely held, albeit in an unpublished opinion, that a defendant who is entitled to a sentence reduction under Section 3582(c)(2) is not entitled to be resentenced in accordance with Apprendi.  United States v. Cherry, 326 F. App'x 523, 527 (11th Cir. 2009) ("Apprendi is not retroactively applicable.  A § 3582(c)(2) motion to reduce a sentence does not provide the basis for de novo resentencing. A district court should leave intact its previous factual decisions from the sentencing hearing when deciding whether to reduce a defendant's sentence.") (internal citations omitted); see also United States v. Lafayette, 585 F.3d 435, 436 (D.C. Cir. 2009) ("Because section 3582(c)(2) permits courts to consider only the consequences of Guidelines changes and does not reopen other elements of a sentence, we deny appellant's Apprendi and Booker claims."); United States v. McBride, 283 F.3d 612, 615 (3d Cir. 2002) (holding that Apprendi does not afford relief when a modification of sentence is sought under Section 3582(c)(2)).

Regardless, because district courts lack jurisdiction to consider a constitutional challenge to a sentence in a Section 3582(c) proceeding, the Court finds that Defendant is not entitled to the application of the rule in Apprendi.

Nor is Defendant entitled to a full, de novo resentencing.  To determine whether Defendant is entitled to a full resentencing, the Court begins, as it must, with the statutory language.  See CBS Inc. v. PrimeTime 24 Joint Venture, 245 F.3d 1217, 1222 (11th Cir.

2001) (citing <u>Harris v. Garner</u>, 216 F.3d 970, 972 (11th Cir. 2000)).  The Court must construe a criminal statute narrowly and according to its plain meaning, and where "the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said."  <u>United States v. Steele</u>, 147 F.3d 1316, 1318 (11th Cir. 1998) (en banc).  Here, Section 3582(c)(1)(B) authorizes a court to "<u>modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute</u> . . . ."  (Emphasis added.)  In turn, pursuant to Section 404(b) of the First Step Act of 2018, the Court "may <u>impose a reduced sentence</u> as if sections 2 or 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  Pub. L. No. 115-391, 132 Stat. 5194 (emphasis added).  As stated previously, Section 2 of the Fair Sentencing Act expressly increased the amount of crack cocaine necessary to invoke the mandatory minimum sentences and the statutory maximum sentences under Section 841(b); Section 3 eliminated the mandatory minimum sentence for simple possession of crack cocaine. Nothing in the plain language of either section states, or even suggests, that the Court conduct a full resentencing "applying current, applicable law," or the law in effect when the Fair Sentencing Act took effect, as Defendant requests this Court to do.  (Memo. at 9; Reply at 6.)

Although the Eleventh Circuit has apparently not addressed whether a defendant seeking a sentence reduction pursuant to Section 3582(c)(1)(B) is entitled to a full resentencing, it has repeatedly held that a defendant seeking a sentence reduction under Section 3582(c)(2) based upon an amendment to the Sentencing Guidelines is <u>not</u> entitled

18

to a full resentencing.  Bravo, 203 F.3d at 781-82 ("A district court's discretion has . . .

clearly been cabined in the context of a Section 3582(c) sentencing reconsideration. . . .

This Circuit has been very clear in holding that a sentencing adjustment undertaken

pursuant to Section 3582(c)(2) does not constitute a de novo resentencing.") (citing United

States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997)); see also Dillon, 560 U.S at 831

(observing that Section 3582(c)(2) "does not authorize a resentencing.  Instead, it permits

a sentence reduction within the narrow bounds established by the [Sentencing]

Commission"); United States v. Jackson, 613 F.3d 1305, 1308-09 (11th Cir. 2010) (same);

Cole, 417 F. App'x at 923 ("[A] defendant is not entitled to a full resentencing during a §

3582(c) proceeding"); United States v. Ramirez-Castillo, 335 F. App'x 888, 889 (11th Cir.

2009) (stating that a Section 3582(c) proceeding does "not constitute a full resentencing of

the defendant") (quotation marks and citation omitted); United States v. Moreno, 421 F.3d

1217, 1220 (11th Cir. 2005).  Rather, in a 3582(c)(2) proceeding "all original sentencing

determinations remain unchanged with the sole exception of the guideline range that has

been amended since the original sentencing." Bravo, 203 F.3d at 781 (citing United States

v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998); see also Cole, 417 F. App'x at 923; Cothran,

106 F.3d at 1562 ("We think it implicit in this directive that the district court is to leave all

of its previous factual decisions intact . . . .") (emphasis omitted); Moreno, 421 F.3d at

1220.

    Given (1) the plain language of Section 3582(c)(1)(B), which limits the Court's

authority to "modify[ing] an imposed term of imprisonment to the extent otherwise

expressly permitted by statute . . ."; (2) the plain language of Section 404(b) of the First

Step Act, which limits the Court's authority to "impos[ing] a reduced sentence . . . [,]" Pub. L. No. 115-391, 132 Stat. 5194; and (3) the Eleventh Circuit's jurisprudence holding that a defendant is <u>not</u> entitled to a full resentencing in the analogous context of a Section 3582(c)(2) proceeding, the Court finds that Defendant is not entitled to a full resentencing. Instead, "<u>all</u> original sentencing determinations remain unchanged[.]" <u>Bravo</u>, 203 F.3d at 781.

At Defendant's sentencing, the Court made three determinations relevant to the 3582(c) inquiry that remain unchanged. First, the Court determined (without objection) that Defendant was accountable for 87.98 grams of cocaine base. The revised PSR attributed 87.98 grams of cocaine base to Defendant's offenses, (<u>see</u> PSR ¶ 10), and Defendant acknowledged in his written Objections that he was accountable for 87.98 grams of cocaine base for sentencing purposes, (<u>see</u> Obj., D.E. 259 at 6-7). Defense counsel also acknowledged at the sentencing hearing that Defendant was accountable for more than 50 grams of crack cocaine for sentencing purposes. (<u>Id.</u> at 18:14-19.) The Court adopted the facts as stated in the revised PSR, (<u>id.</u> at 14:8-11), thereby determining that Defendant was accountable for 87.98 grams of cocaine base. That determination remains intact. <u>See</u> <u>United States v. DeGlace</u>, 501 F. App'x 949, 951 (11th Cir. 2012) ("Section 3582(c)(2) proceedings are not a <u>de novo</u> resentencing, and the district court may not revisit the drug quantity determined at sentencing during a § 3582(c)(2) proceeding.") (citations omitted); <u>United States v. Dickerson</u>, 327 F. App'x 834, 836 (11th Cir. 2009) (finding that the amount of crack attributed to a defendant at sentencing cannot be revisited in a Section 3582(c)(2) proceeding).

Second, the Court determined (without objection) that Defendant was a Career Offender under U.S.S.G. § 4B1.1.  The revised PSR found that "in addition to being older than 18 years at the time of the instant offense and the instant offense of conviction being a controlled substance felony offense, the defendant also has the required two prior felony convictions as reflected in the Criminal History Section of this report to deem him a career offender."  (See PSR ¶ 23.)  The Criminal History Section of the revised PSR identifies a June 22, 1984 conviction for aggravated battery, (id. ¶ 27), and a November 20, 1992 conviction for sale of cocaine, (id. ¶ 34).  Defendant did not object to either of these convictions being included in his Career Offender determination.  In fact, in his written Objections he essentially conceded that he is a Career Offender, but argued that he should not be sentenced as one.  (D.E. 259 at 3 ("While it would appear that Defendant Glover's prior criminal history meets the criteria for a career offender pursuant to the provisions of Section 4B1.1, sentencing the Defendant as a career offender over-represents his criminal history.").)  At the sentencing hearing, defense counsel fully acknowledged that Defendant qualified as a Career Offender: "[W]ith regard to the career offender status.  Basically we can't argue with what the Court just said, that a person becomes a career offender if they have one prior drug offense and they have one prior violent crime.  Looking at Mr. Glover's offenses that's exactly what he has."  (Sentencing Hr'g Tr. at 16:23 – 17:3.)  When announcing Defendant's sentence, the Court found that Defendant "falls squarely within the basis of a career offender . . . ."  That determination remains intact.  See United States v. Harris, No. 2:04–CR–104–FtM–33DNF, 2012 WL 1901507, at *2 (M.D. Fla. May 25, 2012) ("To the extent that a defendant may seek to challenge his career offender status,

this Court lacks authority to revisit that determination in a § 3582(c)(2) proceeding.")

(citing Dillon, 560 U.S. at 831).

Third, in adopting the revised PSR, the Court determined that Defendant was subject

to an enhanced penalty under Section 841(b)(1)(A) because (1) he had a prior felony drug

conviction and (2) the Government complied with the procedural requirements outlined in

21 U.S.C. § 851(a)(1), which provides:

> No person who stands convicted of an offense under this part shall be
> sentenced to increased punishment by reason of one or more prior
> convictions, unless before trial, or before entry of a plea of guilty, the United
> States attorney files an information with the court (and serves a copy of such
> information on the person or counsel for the person) stating in writing the
> previous convictions to be relied upon. . . . Clerical mistakes in the
> information may be amended at any time prior to the pronouncement of
> sentence.

Here, on April 1, 1995—almost two years before trial began—the Government filed an

Information with the Court and served a copy on defense counsel stating that it was seeking

an enhanced statutory penalty based upon a "November 20, 1991" Florida state court

conviction for sale of cocaine.  (D.E. 37.)  The Government attached to the Information a

copy of the state court's Judgment which is dated "November 20, 1992."  (Id. at 3-5.)  The

Government never amended the Information to correct the year of the conviction.

Thus, the question becomes whether the Court was authorized to rely upon the

Government's 851(a) Information that incorrectly identified the year of the prior

conviction.  The Eleventh Circuit squarely addressed this issue in Perez v. United States,

249 F.3d 1261, 1266-67 (11th Cir. 2001).  In that case, the defendant was charged with

violating 21 U.S.C. §§ 846 and 841(a)(1).  Id. at 1263.  Prior to trial, the Government filed

with the district court, and served upon Perez's counsel, a Section 851(a) information stating its intention to seek an enhanced statutory penalty based on a February 18, <u>1992</u> state court conviction for sale of cocaine (the "Original Information").  <u>Id.</u> at 1263, 1266. However, the conviction was actually entered on February 18, <u>1991</u>.  <u>Id.</u>  On April 18, 1994, the Government <u>served</u> defense counsel with an amended information that included the correct year of the defendant's prior conviction ("Amended Information"), <u>id.</u>, but did not file it with the Court until December 23, 1994, <u>id.</u> at 1264.  On April 25, 1994, the defendant pleaded guilty to both counts of his indictment.  <u>Id.</u> at 1263.  According to the Eleventh Circuit, it was "clear from the district court's plea colloquy . . . that Perez understood exactly the prior drug conviction to which both the Original and the Amended Information referred."  <u>Id.</u>  The defendant's sentencing hearing occurred on July 12, 1994. <u>Id.</u> at 1264.

Perez filed a motion to vacate his judgment under 28 U.S.C. § 2255, arguing that the district court had no jurisdiction to sentence him to an enhanced penalty because the Government failed to comply with the notice requirements in Section 851(a).  <u>Id.</u> at 1263. The Eleventh Circuit discussed case law from other federal appellate courts finding that "an information complies with the requirements of § 851(a)(1) even if it contains an error in its contents, provided that the information serves to signal unambiguously the government's intent to seek an enhancement based on a particular prior conviction."  <u>Id.</u> at 1265 (citing <u>United States v. Hamilton</u>, 208 F.3d 1165 (9th Cir. 2000); <u>United States v. Steen</u>, 55 F.3d 1022 (5th Cir. 1995); <u>United States v. Gonzalez-Lerma</u>, 14 F.3d 1479 (10th Cir. 1994)).  These cases "distinguished between the strict filing and service requirements

23

in § 851(a)(1) and the precise details required to be present in an information." Id. at 1265-66.  The Eleventh Circuit agreed with these decisions and found that the district court had jurisdiction to enhance the defendant's sentence. Id. at 1266.

> [W]e find that the government's Original Information satisfied the requirements of § 851(a)(1).  As § 851(a)(1) requires, the Original Information was timely filed with the court and served upon Perez's counsel before the entry of Perez's guilty plea.  Also as required by § 851(a)(1), the Original Information stated in writing the previous cocaine conviction in Florida relied upon by the government in seeking a sentencing enhancement and contained the correct date of the conviction except for the last digit of the year.  Despite the incorrect last digit in the year of the prior conviction, the Original Information unambiguously signaled the government's intent to rely upon a specific prior cocaine conviction in Florida to enhance Perez's sentence.  Perez does not allege any confusion as to which conviction the government referred in the Original Information.  The Original Information therefore complied with the due process requirements discussed in the cases above.  For all of these reasons, we conclude that the government's Original Information satisfied the requirements of § 851(a)(1).

Id. at 1266-67.[9]

Here, too, the Government's Information satisfied the requirements of Section 851(a)(1), as it was timely filed with the Court, was served upon defense counsel almost two years before trial, and clearly signaled the Government's intent to rely upon the prior Florida state conviction for sale of cocaine to enhance the Defendant's sentence.  (D.E. 37.)   Additionally, the Information stated in writing the previous state court cocaine conviction the Government was relying upon to request a sentence enhancement.  (See id.) "Despite the incorrect last digit in the year of the prior conviction, the [] Information

---

[9]    The Eleventh Circuit alternatively found that the Original Information's mistake as to the year of the prior conviction was a clerical mistake, and that the Amended Information complied with Section 851(a)(1)'s requirements for the amendment of clerical mistakes.  Id. at 1267.

unambiguously signaled the government's intent to rely upon a specific prior cocaine conviction in Florida to enhance [Defendant's] sentence." Perez, 249 F.3d at 1267. In fact, the Government attached to the Information a copy of the state court's November 20, 1992 Judgment. (D.E. 37 at 3-5.) Defendant never responded to the Information, never argued that the Information was insufficient, never contested the felony drug offense, and never "alleged any confusion as to which conviction the government referred in the [] Information." Perez, 249 F.3d at 1267. Therefore, the Court finds that the Government satisfied the procedural requirements of Section 851. Id. As such, the Court's prior determination that Defendant was subject to an enhanced penalty under Section 841(b)(1)(A) remains intact.[10] See United States v. Robinson, 416 F. App'x 871, 874 (11th

---

[10]     Pursuant to Section 851(b), prior to pronouncing Defendant's sentence, the Court was required to ask Defendant "whether he affirms or denies that he has been previously convicted as alleged in the information, and . . . inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence." 21 U.S.C. § 851(b). Although the Court failed to comply with this provision, the Eleventh Circuit has found that a district court's failure to comply with Section 851(b) constitutes harmless error where Section 851(a) "is fully complied with and a defendant is timely apprised of the underlying convictions to be considered to enhance his sentence." United States v. James, 642 F.3d 1333, 1341 (11th Cir. 2011); see also United States v. Abreu-Jimenez, 535 F. App'x 860, 868-69 (2013). As previously discussed, the Government fully complied with Section 851(a), and Defendant both explicitly and implicitly acknowledged his 1992 conviction for sale of cocaine at sentencing. During the sentencing hearing, defense counsel explicitly stated: "In 1992, he was convicted of the sale of cocaine . . . ." (Sentencing Hr'g Tr. at 17:7-9.) Defendant also implicitly admitted that the 1992 sale of cocaine conviction was his by failing to object to that conviction's inclusion in the revised PSR. (See PSR ¶ 34.) At the sentencing hearing, the Court asked Defendant (1) whether he had read the revised PSR and (2) whether he and his attorney had discussed the revised PSR. (Sentencing Hr'g Tr., D.E. 296 at 2:17-22.) Defendant answered "yes" to both questions. (Id.) Then, defense counsel explained that Defendant had one factual objection to the revised PSR: "I had contacted Mr. Glover and asked him to notify me if something was wrong with the convictions." (Id. at 3:11-12.) Defendant asserted that "he doesn't know anything about" the robbery and battery conviction the revised PSR used in his Career Offender calculation, (id. at 3:8-19); however he agreed that the 1992 sale of cocaine conviction was his, (id. at 17:7-9), and acknowledged his status as a career offender under 4B1.1, (id. at 11:24 – 12:6).

Cir. 2011) (finding that the defendant's request to "revisit" whether the government complied with Section 851(a)'s notice requirements did not did "not fall within any of the categories of authorized § 3582(c) motions").

The Court finds that because Defendant remains accountable for 87.98 grams of crack cocaine, remains a Career Offender, and remains subject to a Section 851 enhancement, he is not entitled to a sentence reduction under Section 3582(c)(1)(B). Applying Section 2 of the Fair Sentencing Act retroactively, Defendant's convictions would now fall under Section 841(b)(1)(B) because he is accountable for 28 grams or more of crack cocaine but less than 280 grams.  Based upon the Section 851 enhancement, the statutory range of imprisonment under Section 841(b)(1)(B) is 10 years to life.  Because the maximum statutory term of imprisonment remains life imprisonment, as a Career Offender the Defendant's offense level is still 37, his criminal history remains at Criminal History Category VI, resulting in the same guideline range of 360 months to life imprisonment.   See U.S.S.G. § 4B1.1.   Consequently, reduction of the Defendant's sentence is not authorized under Section 3582(c)(1)(B), the First Step Act of 2018, and the Fair Sentencing Act of 2010.  See United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008) (holding that reduction of sentence under Section 3582(c)(2) was not authorized because the retroactively applicable guideline amendment did not affect the defendants' status as a career offender under Section 4B1.1, and therefore did not lower the applicable guideline range).

### III.   Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion to Reduce Sentence Pursuant to Section 404 of the First Step Act (D.E. 399) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 11th day of April, 2019.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**

27